**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

**JOSE ROSARIO,**

                    **Petitioner,**

        **v.**

**COLLETTE GOGUEN,**

                    **Respondent.**

_____

)
)
)
)
)
)
)
)
)
)
)

**CIVIL ACTION**

**NO. 4:18-40180-TSH**

## ORDER AND MEMORANDUM ON PETITIONER'S MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE (Docket No. 22)

**October 7, 2019**

**HILLMAN, D.J.**

Jose Rosario ("Petitioner") filed a Petition for a Writ of Habeas Corpus with this Court in accordance with 28 U.S.C. § 2254. (Docket No. 1). Petitioner now moves to hold his habeas corpus petition in abeyance while he exhausts additional claims in state court. For the reasons set forth below, the Court _**denies**_ Petitioner's motion.

### Background

In August 2016, a jury found Petitioner guilty of one count of rape of a child, five counts of indecent assault and battery on a child under fourteen, one count of disseminating matter harmful to a minor, and one count of witness intimidation. (Docket No. 23 at 2). On appeal, Petitioner argued that the trial court should have specifically instructed the jury on how to assess the testimony of a child witness. _Commonwealth v. Rosario_, 93 Mass. App. Ct. 1119 (2018). The Appeals Court of Massachusetts rejected this contention, _id._, and on September 13, 2018, the Massachusetts Supreme Judicial Court ("SJC") denied Petitioner's application for appellate

review, *see Commonwealth v. Rosario*, 480 Mass. 1108 (2018).  Petitioner subsequently filed a habeas corpus petition with this Court based on his exhausted jury instruction claim.  (Docket No. 1).  On July 5, 2019, Petitioner moved to hold the habeas proceedings in abeyance while he exhausted additional grounds of relief in state court.  (Docket No. 22).

## Discussion

A federal court may not consider a petition for habeas corpus unless the petitioner has fully exhausted his state court remedies.  28 U.S.C. § 2254(b)(1); *see also Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997).  To exhaust a claim, a petitioner must provide the highest state court having jurisdiction over the claims "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  In Massachusetts, the "decisive pleading" is the application for leave to obtain further appellate review from the SJC.  *Adelson*, 131 F.3d at 263.

The parties do not dispute that Petitioner exhausted the single claim he raised in his initial petition.  Petitioner wishes, however, to amend his petition to allege additional claims for relief. Because Petitioner has not presented these claims to the SJC, Petitioner seeks a stay while he exhausts his state court remedies.  Under limited circumstances, a federal court may stay a petition and hold it in abeyance while the petitioner exhausts his claims in state court.  *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  Because a stay frustrates the goals of encouraging finality in state court convictions and streamlining federal habeas proceedings, however, the First Circuit has cautioned that it should only be issued where the petitioner shows "that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Josselyn v. Dennehy*, 475 F.3d 1, 4 (1st Cir. 2007) (citing *Rhines*, 544 U.S. at 278).

2

Petitioner alleges that he had good cause for not exhausting his claims in state court "because the Petitioner was not fully aware of the issues due to his lack of legal understanding of the law." (Docket No. 22 at 1).  Yet, Petitioner was represented by counsel at both the trial and appellate levels.  His lack of legal understanding thus has no bearing on the question of good cause.  And to the extent he contends that his counsel lacked knowledge of the law, the First Circuit has held that "[i]gnorance of the law does not constitute good cause."  *Josselyn*, 475 F.3d at 1.  In the absence of any justification for a stay, the Court ***denies*** Petitioner's motion.

## Conclusion

For the reasons stated above, the Court ***denies*** Petitioner's motion.  (Docket No. 22).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**