UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                           )
**JOSE ROSARIO,**                                    )
                **Petitioner,**         )      CIVIL ACTION
                                                                           )      NO. 4:18-40180-TSH
                v.                          )
                                                                           )
**COLLETTE GOGUEN,**                        )
                **Respondent.**         )
_____ )

**ORDER AND MEMORANDUM ON PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS (Docket No. 1)**

**January 28, 2020**

**HILLMAN, D.J.**

Jose Rosario ("Petitioner") petitions for a writ of habeas corpus in accordance with 28 U.S.C. § 2254. (Docket No. 1). For the reasons set forth below, the Court ***denies*** his petition.

**Background**

In August 2016, a jury found Petitioner guilty of one count of rape of a child, five counts of indecent assault and battery on a child under fourteen, one count of disseminating matter harmful to a minor, and one count of witness intimidation. On appeal, Petitioner argued that the trial court should have instructed the jury on how to assess the credibility of a child witness. *Commonwealth v. Rosario*, 93 Mass. App. Ct. 1119 (2018). The Massachusetts Appeals Court rejected this contention, *id.*, and on September 13, 2018, the Massachusetts Supreme Judicial Court ("SJC") denied Petitioner's application for appellate review, *see Commonwealth v. Rosario*, 480 Mass. 1108 (2018). Petitioner subsequently filed a habeas corpus petition with this Court (the "Petition"), alleging that the trial judge abused his discretion in failing to provide a child witness instruction. (Docket No. 1).

1

**Discussion**

As a preliminary matter, the Court is not convinced that Petitioner exhausted the constitutional dimension of his claim. *See* Docket No. 7 at 167–73 (citing *Kennedy v. Louisiana*, 554 U.S. 407 (2008), to argue that further appellate review is in the interests of justice but failing to cite any federal law to argue error). Assuming *arguendo* that he did, however, the Court denies the Petition on the merits.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, if a claim has been adjudicated on the merits in state court proceedings,[1] a federal court may only grant habeas corpus relief if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2] *Id.* § 2254(d). An adjudication is contrary to clearly established law "if the state court applies a rule that contradicts the governing law set forth by the Supreme Court or confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Hensley v. Roden*, 755 F.3d 724, 731 (1st Cir. 2014) (internal quotations marks and citations omitted) (alterations in

---

[1] If Petitioner did raise the constitutional dimension of his claim in his state court proceedings, he offers no evidence that the state court failed to adjudicate it on the merits. *See Harrington v. Richter*, 562 U.S. 86, 98–99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). And even if he had, this Court would deny his claim on de novo review. He has not shown that the trial judge's instructions, which referenced several factors overlapping with Petitioner's proposed instructions (e.g., bias, accuracy of memory, demeanor, etc.) (Docket No. 7 at 165–67), were insufficient or that any alleged error prejudiced the jury.

[2] Petitioner does not appear to argue that the trial court made any unreasonable factual determination.

original). An adjudication involves an unreasonable application of clearly established law if the state court "identifies the correct governing legal principle from the Supreme Court's then-current decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (internal quotation marks and citations omitted).

Petitioner does not identify any clearly established federal law that the trial judge allegedly violated and/or unreasonably applied.[3] He generally argues that the trial judge abused his discretion in failing to specifically instruct jurors on the credibility of child witnesses, but he cites only two federal cases in his petition, neither of which stands for the proposition that the Constitution requires such an instruction. *See Woods v. Donald*, 135 S. Ct. 1372, 1377 (2015) ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court." (quoting *Lopez v. Smith*, 574 U.S. 1, 6 (2014) (per curiam))). *Kennedy*, for example, deals with the appropriateness of sentencing a defendant convicted of child rape to the death penalty. *See* 554 U.S. at 443. The Supreme Court acknowledged that child witnesses may be unreliable—a factor which weighed against imposition of the death penalty—but it never suggested that defendants are entitled to a jury instruction on child witness credibility.[4] Petitioner's claim thus fails.

## **Conclusion**

For the reasons stated above, the Court ***denies*** the Petition. (Docket No. 1).

---

[3] To the extent he contends that the state courts erred in applying state law, this Court lacks the power to award relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))).

[4] And it requires significant extension of *Kennedy*'s reasoning to reach such a rule. *See White v. Woodall*, 572 U.S. 415, 426 (2014) ("[I]f a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision." (internal quotation marks and citations omitted)).

## Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S. Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

I deny a certificate of appealability because I find that reasonable jurists could not debate whether the trial judge violated or unreasonably applied federal law in failing to instruct the jury about the credibility of child witnesses.

**SO ORDERED**

                                                    */s/ Timothy S. Hillman*
                                                  **TIMOTHY S. HILLMAN**
                                                  **DISTRICT JUDGE**